**Zatrea EVANS, Plaintiff–Appellant,**

v.

**ALLIEDBARTON SECURITY SERVICES LLP; et al., Defendants–Appellees.**

**No. 10–15264.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 17, 2011.

Sangeeta Singal, Esquire, Law Offices of Sangeeta Singal, San Francisco, CA, for Plaintiff–Appellant.

Nancy G. Berner, Marianne C. Koepf, Carlton Disante & Freudenberger LLP, San Francisco, CA, Donna Keeton, Marty N. Martenson, Martenson Hasbrouck & Simon LLP, Atlanta, GA, Jerome Schreibstein, Law Office of Jerome Schreibstein, Esq., San Francisco, CA, for Defendants–Appellees.

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Zatrea Evans appeals from the district court's judgment dismissing her action alleging state law employment claims and its order denying her motion to remand the action to state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order denying the motion to remand, and for clear error its underlying factual findings. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir.2002). We affirm.

The district court did not clearly err by finding that Evans was subject to a collective bargaining agreement during the relevant time period in light of defendants' evidence and Evans's own allegations referencing "union rules." Accordingly, the district court properly denied the motion to remand because some of Evans's claims were completely preempted under § 301 of the Labor Management Relations Act ("LMRA"), *see Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir.2001) (en banc), and thus these claims were removable to federal court, *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6–7, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Evans's non-preempted state law claims were also removable under the supplemental jurisdiction statute. *See id.* at 8 n. 3, 123 S.Ct. 2058.

Evans's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.